## Shelby County Trust & Banking Company, Trustee v. Middleton, et al.

(Decided October 8, 1918.)

### Appeal from Shelby Circuit Court.

1. Deeds—Deed of Trust—Construction.—Under a deed of trust conveying property "for the use and benefit of first party for and

during her natural life, and at her death to her children," and further providing that "if any of her children be dead at her death leaving children, then the child of such deceased child or children should take the part and interest of such deceased child or children," the children of the life tenant took a defeasible fee in remainder subject to be defeated by their death, leaving children, during the lifetime of their mother, and upon her death, each of her surviving children became vested with a fee simple title to his portion of the estate.

2.    Trusts—Express Trust—Duration.—Under a trust deed providing: "The trust by this deed created shall end at the death of Mrs. Bessie Middleton and upon her youngest child reaching the age of twenty-one years; but if there should be children dead leaving children, the trust shall continue as to the part going to the child or children of such deceased child or children, until they shall arrive at the age of twenty-one years," the trust as to each child terminated upon the death of his mother and upon his attaining his majority, and he was then entitled to have his portion of the estate conveyed to him in fee simple.

WILLIS, TODD & BOND for appellant and appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-MISSIONER—Affirming.

On July 23, 1895, Bessie Middleton and Horace Middleton, her husband, executed and delivered to the Shelby County Trust & Banking Company a deed of trust by which they conveyed all of Mrs. Middleton's property upon the following terms and conditions:

"To have and to hold unto the second party, its successors and assigns in trust for the following purposes and no other: for the use and benefit of first party, Mrs. Bessie Middleton, for and during her natural life, with power to dispose of same by last will after her death, as herein provided, and at her death, to her children. If any of her children be dead, at her death, leaving children, then the children of such deceased child or children to take the part and interest of said deceased child or children.

"It is further agreed and provided in this deed, that any of the real estate transferred and conveyed under this deed may be sold and conveyed and the proceeds thereof received and collected by the Shelby County Trust Company at any time, upon first party, Mrs. Bessie Middleton, joining in the conveyance of same. . . .

"Mrs. Bessie Middleton expressly reserves to herself the right and power to dispose of the remainder in the

estate hereby conveyed, after her death by last will. If she should die intestate, then said estate shall pass after her death in the manner provided in this deed.

"The trust by this deed created shall end at the death of Mrs. Bessie Middleton and upon her youngest child reaching the age of twenty-one years; but if there should be children dead leaving children, the trust shall continue as to the part going to the child or children of such deceased child or children, until they shall arrive at the age of twenty-one years."

It subsequently developed that Mrs. Middleton was not of age when the deed was executed. However, after she became twenty-one years of age, and after the death of her husband, she executed a deed ratifying and confirming the deed theretofore made. Mrs. Middleton had two children by her first husband, J. R. Middleton and A. C. Middleton, who are now over twenty-one years of age. After the death of her first husband, she married a Mr. Taylor, but no children were born of this marriage. Upon the death of Mr. Taylor she married a Mr. Ramsey, by whom she had one child, Hazel Ramsey, who is now fifteen years of age. Mrs. Middleton did not exercise the power reserved in the deed of trust to dispose of the remainder of the estate by last will, but died intestate.

This suit was brought by Jesse R. Middleton and A. C. Middleton against the trust company as their trustee and as the trustee of Hazel Ramsey, and against Hazel Ramsey and her guardian for a construction and settlement of the trust and to have the trustee convey to them their respective portions of the trust estate. On final hearing, it was adjudged that the trust had terminated as to the plaintiffs and the trustee was directed to convey to each of them an undivided one-third interest in the entire trust estate. The trustee appeals.

Since Mrs. Middleton died intestate, her estate passed to her children under the deed of trust and the estates which they took, as well as the duration of the trust, depend upon the proper construction of that instrument. Eliminating the provision with reference to Mrs. Middleton's power to make a will, it will be observed that the property was conveyed to the trustee for the use and benefit of Mrs. Middleton during her life, and at her death to her children, but that if any of her children were dead at her death, leaving children, then the children of such deceased child or children should take the part of such

deceased child or children. It is, therefore, clear that Mrs. Middleton's children took a defeasible fee in remainder subject to be defeated by their death, leaving children, during their mother's lifetime. Having survived their mother, each became vested with a fee simple title to his portion of the estate.

It remains to determine the duration of the trust, which is controlled by the last provision above quoted. The first part of this provision that "The trust by this deed created shall end at the death of Mrs. Bessie Middleton and upon her youngest child reaching the age of twenty-one years" is of doubtful meaning and would seem to indicate that the trustor intended that the entire trust should continue not only until her death, but until the youngest child became twenty-one years of age. But in our opinion this obscurity is removed by the following language, "But if there should be children dead, leaving children, the trust shall continue as to the part going to the child or children of such deceased child or children until they shall arrive at the age of twenty-one years," thus showing a purpose after her death to continue the trust as to each child's part only during his infancy. We, therefore, conclude that the trust is terminated so far as plaintiffs are concerned, and that the chancellor properly directed the trustee to convey to each of them his respective portion of the estate.

Judgment affirmed.